```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

VELMON BRASWELL,                  :
   plaintiff,                     :
                                  :
     v.                           :   case no. 3:20cv134(AVC)
                                  :
BRIAN NORTON, ET AL.,             :
   defendants.                    :
```

## RULING ON PENDING MOTIONS

The plaintiff, Velmon Braswell, currently resides in New Haven, Connecticut.  He initiated this action by filing a complaint pursuant to 42 U.S.C. § 1983, against the defendants, parole officers Brian Norton, John Doe 1, John Doe 2 and Jane Doe.  He claims that as of December 13, 2019, he was on parole and resided at a halfway house in Hartford, Connecticut.  On that date, the defendants located him in the program manager's office, handcuffed him in a way that caused him pain in his left hand and right shoulder and then placed him in a vehicle to be transported to Hartford Correctional Center.

Braswell has filed two motions to amend, two motions for service, a motion to compel and two motions seeking injunctive relief.  For the reasons set forth below, the first motion to amend is granted, the second motion to amend and the motion to compel are denied as moot and the motions for service and for injunctive relief are denied.

**I.   Motions to Amend [ECF Nos. 13, 17]**

In both motions, Braswell seeks leave to file an amended complaint in order to identify the Doe defendants.  He states that he has identified parole officer John Doe 1 as officer Schmidt, parole officer John Doe 2 as officer Byrd and parole officer Jane Doe as officer Howlett.

Under Federal Rule of Civil Procedure 15(a)(1)(B), a party may amend its complaint only once as a matter of course within twenty-one (21) days after service of a pleading that is responsive to the complaint or the service of a motion to dismiss, motion for a more definite statement, or motion to strike under Rules 12(b), (e), and (f).  Because the defendants have not filed an answer or other response to the complaint, Braswell may amend his complaint as of right.  Accordingly, the court grants the first motion to amend and denies the second motion to amend as moot.  Because Braswell has not attached a proposed amended complaint to either motion, the court will permit him twenty days to file an amended complaint.

**II.  Motion to Compel [ECF No. 11]**

Braswell asserts that on February 11, 2020, he mailed a request for production of documents to parole officer Norton, seeking the names of the Doe officers who were listed as

2

defendants in the complaint and any incident reports created by any parole officer or administrator concerning the incident involving himself that occurred on December 13, 2019.  Braswell claims that he has not received a response to his request for information and documents.

As a preliminary matter, it is apparent that Braswell has received information pertaining to the last names of the Doe officers listed in the complaint.  Furthermore, Federal Rule of Civil Procedure 34, provides that "[t]he party to whom a request for production is directed must respond in writing within 30 days after being served."  Braswell states that he mailed the request for production to Officer Norton on February 11, 2020.  Thus, the motion to compel, dated and filed with the court on March 11, 2020, is premature.

Additionally, a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).  Braswell does not indicate that he made any attempt to send a follow-up letter to officer Norton regarding his alleged failure to respond to the February 11, 2020 production request.  Thus, Braswell did not make a

3

sufficient effort to resolve this discovery dispute prior to filing the motion to compel.

Nor did Braswell file a memorandum that includes "a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification . . . the reason why the item should be allowed or disallowed."  D. Conn. L. Civ. R. 37(b)1.  Because the motion to compel is premature and does not include a memorandum or a good faith certificate indicating that Braswell has conferred with officer Norton in an attempt to resolve the discovery dispute as required by Fed. R. Civ. P. 37(a)(1) and Local Rule 37(b)1, it is denied without prejudice.

**III. Motions for Service [ECF Nos. 9, 18]**

Braswell asks the court to serve the complaint on the defendants using the Notice of Lawsuit and Waiver of Service of Summons forms that he has attached to his motions.  If the court determines, after reviewing the allegations in either the complaint or the amended complaint, that any claims should proceed, it will enter the necessary orders directing the clerk to serve the complaint or the amended complaint on the appropriate defendants.  Accordingly, the motions seeking service of the complaint or the amended complaint are denied.

4

**IV.  Motion for Temporary Restraining Order and Preliminary Injunction [ECF No. 21]**

Braswell claims that officers Norton, Schmidt, Byrd and Howlett and other unidentified individuals are interfering with his access to a law library located at an unspecified courthouse and his attempts to file motions in civil cases that he has pending in the Connecticut Superior Court in the Judicial District of Tolland and the Commission on Human Rights and Opportunities in Hartford, Connecticut.  He seeks an order enjoining the defendants from interfering with his access to the courts.

In support of his motion, Braswell attaches photocopies of pages from the Jailhouse Lawyer's Handbook and a book or pamphlet that includes the Constitution of the United States. He does not indicate whether he made the copies of the Jailhouse Lawyer's Handbook or the pages from the book containing the amendments to the United States Constitution at a law library. He also includes a page from a document indicating that if a parolee seeks to travel more than 100 miles from the halfway house, he or she must seek permission to do so thirty days in advance of the travel date.  It does not appear that Braswell must travel more than 100 miles from his present residence in Bloomfield, Connecticut, to reach the courthouse in the judicial

5

district of Tolland, Connecticut, the CHRO office in Hartford or the United States District Court for the District of Connecticut located on Main Street, in Hartford.  In fact, Braswell hand-delivered both motions for injunctive relief to be filed in this case to the clerk's office on Main Street, in Hartford, Connecticut.  See ECF No. 21, at 3; ECF No. 22, at 2.

Braswell sues the defendants only in their individual capacities.  Injunctive relief is not available from defendants in their individual capacities.  See Arzuaga v. Quiros, No. 3:10CV1200(DJS), 2015 WL 13021466, at *1 (D. Conn. Nov. 9, 2015) (citation omitted).  Furthermore, the relief that Braswell seeks, an order directing the defendants to refrain from interfering with his physical access to state courts in Connecticut and the CHRO, is unrelated to the subject matter of this case.  As stated above, the claims in this case relate to an incident that occurred at a halfway house in Hartford, Connecticut in December 2019, involving Braswell's placement in handcuffs.  Because Braswell must demonstrate a likelihood of success on the merits of his claims in the complaint to obtain preliminary injunctive relief, the injunctive relief requested must relate to those claims. See, e.g., De Beers Consol. Mines Ltd. v. United States, 325 U.S. 212, 220 (1945) (holding that

6

preliminary injunction appropriate to grant intermediate relief of "the same character as that which may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit"); Torres v. UConn Health, 2017 WL 3713521, at *2 (D. Conn. Aug. 29, 2017) (preliminary injunctive relief not warranted because claim in motion was unrelated to underlying claims in complaint).  The motion seeking a temporary restraining order and a preliminary injunction is denied.

**V.    Motion for Protective Order [ECF No. 22]**

Braswell claims that parole officer Norton and staff members of Community Solutions, Incorporated, are refusing to permit him to attend medical appointments due to bias and discrimination.  He offers no other facts in support of this allegation.  He seeks a protective order in connection with his need for treatment as an individual over sixty years of age.

This request for relief is unrelated to the allegations in the complaint.  Furthermore, at the time that Braswell filed the motion, he was living at a residence in Bloomfield, Connecticut. He has since moved to the APT Foundation located in New Haven, Connecticut.  Thus, his request for injunctive appears to be moot.  The motion for protective order is denied.

7

## Conclusion

The first motion to amend, [**ECF No. 13**], is **GRANTED**. The second motion to amend, [**ECF No. 17**], is **DENIED** as moot. The motions for service, [**ECF Nos. 9, 18**], the motion for preliminary injunction and temporary restraining order, [**ECF No. 21**], and the motion for protective order, [**ECF No. 22**], are **DENIED**. The motion to compel, [**ECF No. 11**], is **DENIED** without prejudice.

Braswell is permitted to file an amended complaint against parole officers Brian Norton, Schmidt, Byrd and Howlett, regarding his placement in handcuffs and transport to Hartford Correctional Center on December 13, 2019. The amended complaint should include facts describing how each defendant was involved in placing him in handcuffs and escorting him to, and placing him in, Norton's vehicle to be transported to Hartford Correctional Center as well as facts describing any statements that he made to one or more of the defendants regarding the injuries to his left hand and right shoulder prior to or after his placement in handcuffs. In addition, to the extent that Braswell is asserting a retaliation claim against Norton, he should describe the nature of the grievances and complaints that he alleges were the basis of Norton's alleged retaliatory

8

conduct, when he filed those complaints and grievances and whether Norton was mentioned in the grievances or named as a defendant in the complaints.

The amended complaint must be filed within twenty (20) days of the date of this order.  If Braswell chooses not to file an amended complaint within the time specified, the case will proceed only as to allegations in the complaint that are asserted against Norton.

The clerk is directed to mail a copy of the complaint, [ECF No. 1], this order, and an amended prisoner civil rights complaint to Braswell at his address on file with the court.

SO ORDERED at Hartford, Connecticut this 30th day of September, 2020.

_____/s/_____
Alfred V. Covello
United States District Judge